**Jeffrey GALBRAITH, Plaintiff–Appellant,**

v.

**Thomas CAREY, Warden, Respondent–Appellee.**

No. 06–15192.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2007.

Filed March 1, 2007.

Hilda Scheib, San Francisco, CA, for Plaintiff–Appellant.

Bruce Ortega, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

California state prisoner Jeffrey Galbraith appeals from the district court's denial of his petition for habeas corpus. We affirm.

We review the denial of a habeas petition *de novo*. *Lara v. Ryan*, 455 F.3d 1080, 1084 (9th Cir.2006). In reviewing the merits of the petition, we apply the deferential standards of review set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A federal court must presume the correctness of the state court's factual findings. *Id.* § 2254(e)(1).

Galbraith first argues that Officer Pope violated his Fifth Amendment rights by eliciting incriminating statements from him without the benefit of *Miranda* warnings. The state court held no warnings were necessary because the interview was not custodial. *See Jackson v. Giurbino*, 364 F.3d 1002, 1008 (9th Cir.2004) ("*Miranda* rights vest in the context of custodial interrogations."). This finding was not objectively unreasonable. Even if Officer Pope was aware of Galbraith's status as a suspect, there was no evidence that her objective conduct communicated to a reasonable person in Galbraith's position that he "was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). Under clearly established federal law, her subjective knowledge and intent were irrelevant. *Yarborough v. Alvarado*, 541 U.S. 652, 662, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) (holding that the custody determination is objective and that "how much the police knew about the suspect ... [is] irrelevant"); *Berkemer v. McCarty*, 468 U.S. 420, 441–42, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) (similar).

Galbraith next argues that his statements to Officers Joyner and Yoell were not given pursuant to a valid *Miranda* waiver. The state court held the waiver to be "knowing and intelligent," and this holding was not objectively unreasonable. The fact that Galbraith was young and had only minimal contact with the criminal justice system did not make his waiver per se involuntary. *See Juan*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*H. v. Allen,* 408 F.3d 1262, 1271 (9th Cir. 2005). Additionally, there was nothing in the facts of the case to suggest that Galbraith did not understand the *Miranda* warnings or the consequences of their waiver. While Galbraith was on pain medication, he expressly stated during the interview that he was "thinking real clearly" because the medication had worn off. Finally, the interviewing officers secured Galbraith's waiver in multiple forms. *See Fare v. Michael C.,* 442 U.S. 707, 724–25, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979) (Whether a waiver is "knowing and intelligent" is determined by assessing the "totality of the circumstances surrounding the interrogation.") (citing *Miranda v. Arizona,* 384 U.S. 436, 475–77, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)).

Galbraith next argues that his statements to the officers were involuntary and taken in violation of his due process rights. *Clark v. Murphy,* 331 F.3d 1062, 1072 (9th Cir.2003) (noting that in determining voluntariness, a court must assess the totality of the circumstances and ask "whether the defendant's will was overborne at the time he confessed") (quoting *Haynes v. Washington,* 373 U.S. 503, 513, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963)) (internal quotation marks omitted). The state court's finding that Galbraith's will was not overborne was not objectively unreasonable in light of: (1) the officer's trial testimony, in which he "denied making any promises of leniency during the interview"; (2) Galbraith's recorded statement, in which he expressly "denied that [the officers] had threatened him during the interview, promised him anything, physically abused him, or prevented him from using the bathroom or getting a drink of water"; and (3) the state court's independent review of the interrogation audiotape and its subsequent determination of voluntariness.

Galbraith next argues that trial counsel rendered ineffective assistance by failing to require the prosecution to prove a prima facie case. *See Edsel P. v. Superior Court,* 165 Cal.App.3d 763, 786–87, 211 Cal.Rptr. 869 (1985) (holding that before a presumption of unfitness for juvenile court treatment could attach, a minor has the right to require the prosecution to establish a prima facie case against him).[1] This argument is based in part on the faulty premise that Galbraith's statements were taken in violation of his constitutional rights. Because we find no constitutional violation, we cannot say that Galbraith was prejudiced by trial counsel's alleged errors. *See Young v. Runnels,* 435 F.3d 1038, 1043–44 (9th Cir.2006) (applying the prejudice prong of *Strickland* to reject defendant's ineffective assistance claim).

Finally, Galbraith argues that "even if his statements to the police were deemed voluntary," the prosecution would still have failed to establish a prima facie case against him. We disagree, and hold that the prosecution would have been able to prove to a probable cause standard that Galbraith was a "major participant" in the robbery, and that he "act[ed] with reckless indifference to human life." *See* Cal. Wel. & Inst.Code § 707(e). We note that the prosecution ultimately satisfied the higher burden of proving Galbraith guilty beyond a reasonable doubt. Because Galbraith cannot show that he was prejudiced by trial counsel's failure to put the prosecution to its initial burden of proof, we reject Galbraith's ineffective assistance of counsel argument.

**AFFIRMED.**

---

1. Because Galbraith committed the underlying offense prior to March 7, 2000, the pre–

2000 version of Cal. Wel. & Inst.Code § 707(e) applies to him.